```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

ANTONIO HARDY,                  :

    Petitioner,              :

v.                              :       CIVIL ACTION 08-0423-CG-M

J. C. GILES,                    :

    Respondent.              :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent J. C. Giles and against Petitioner Antonio Hardy pursuant to 28 U.S.C. § 2244(d).

Petitioner was convicted of unlawful distribution of cocaine in the Circuit Court of Dallas County on May 2, 2006 for which he received a sentence of twenty years in the state penitentiary to be followed by a probation period of five years (Doc. 6, Exhibit A, Part 1, p. 18; Part 4, pp. 28-40).  Hardy did not appeal his guilty plea (Doc. 2, p. 2).

Petitioner filed a Rule 32 petition on August 30, 2006 (Doc. 2, p. 4; Doc. 6, p. 3) which was denied by the Circuit Court of Dallas County on November 14, 2006 (Doc. 2, p. 4; Doc. 6, p. 4). On January 29, 2007, the Court of Criminal Appeals held that the Circuit Court Order was void as Hardy had failed to pay a filing fee or petition for *in forma pauperis* status; the Appellate Court dismissed the appeal, stating that "Hardy's Rule 32 petition stands as filed in the circuit court and awaits a ruling by the circuit court," and issued a certificate of judgment (Doc. 6, Exhibit A, Part 4, p. 7).  On February 15, 2007, the Circuit Court again denied Petitioner's Rule 32 petition (Doc. 6, Exhibit A, Part 4, p. 5).  Hardy appealed that decision on April 20, 2007 (Doc. 6, Exhibit A, Part 3, p. 89); on August 24, 2007, the Dallas County Circuit Court Judge granted Petitioner's petition to proceed *in forma pauperis* (Doc. 6, Exhibit A, Part, p. 80). Respondent admits that "Hardy's Rule 32 postconviction petition remains pending in the trial court" (Doc. 6, p. 7).[1]

---

[1] Under Alabama law, a court does not have jurisdiction to consider the merits of a postconviction petition so long as a declaration for *in forma pauperis* is pending and no filing fee has been paid.  *Ex parte Coleman*, 728 So.2d 703, 708 (Ala.Crim.App. 1998). "'In the absence of a docket fee in the amount prescribed in § 12-19-71(3), Ala. Code 1975, or an approved in forma pauperis declaration, the petition for [postconviction] relief was never properly before the court.  The order dismissing the petition was a nullity.'" *Ex parte Coleman*, 728 So.2d at 708 (quoting *Goldsmith v. State*, 709 So.2d 1352 (Ala.Crim.App. 1997)).

Under *Coleman* and *Goldsmith*, the Order entered by the Dallas County Circuit Court Judge, on February 15, 2007, denying and dismissing Hardy's Rule 32 petition was a "nullity."  Hardy's Rule 32 petition is still pending before the Circuit Court.

Petitioner filed a complaint with this Court on December 19, 2007[2] raising the following claims:  (1) His trial attorney rendered ineffective assistance of counsel; (2) the trial court lacked jurisdiction to render judgment or to impose the sentence against him; and (3) he is actually innocent of the crime for which he was convicted (Doc. 2).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 6, pp. 7-9).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration

---

[2]Petitioner initiated this action on December 19, 2007 with the filing of a petition in the U.S. District Court for the Middle District of Alabama.  *Hardy v. Giles*, Civil Action 08-0065-CG-M (S.D. Ala.) (Doc. 2).  That Court transferred the action to this Court (*Hardy* at Docs. 3-4), although jurisdiction was appropriate as originally filed.  *See* 28 U.S.C. § 2241(d) ("**the application may be filed in the district court for the district wherein such person is in custody** or in the district court for the district within which the State court was held which convicted and sentenced him and **each of such district courts shall have concurrent jurisdiction to entertain the application**") (emphasis added).
   This Court subsequently determined that Petitioner was challenging two different convictions in this habeas petition and Ordered him to file two separate petitions (one for each petition) (*Hardy* at Doc. 23).  Once Petitioner did as Ordered, this Court separated this conviction into a separate action (*Hardy* at Doc. 27).

3

of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on May 2, 2006, the day on which he pled guilty (Doc. 6, Exhibit A, Part 1, p. 18; Part 4, pp. 28-40).[3] However, because Hardy had ninety days in which to seek direct review of his conviction in the U.S. Supreme Court, those ninety days do not count against him—whether he actually sought review or not. *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001). Adding those ninety days to May 2, 2006 means that the statute of limitations clock began to run on August 1, 2006.

Petitioner's habeas corpus petition was not filed in this Court until December 19, 2007, more than four months after the grace period had expired. However, as noted earlier, Hardy had filed a Rule 32 petition in the Dallas County Circuit Court on August 30, 2006 which was before the grace period had expired. The Court notes that AEDPA states that "[t]he time during which **a properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

---

[3]The Court notes that part of Hardy's plea agreement was that he would not appeal his conviction or sentence (Doc. 6, Exhibit A, Part 1, p. 18; Part 4, pp. 28-40).

4

under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).

Respondent has argued that Petitioner's Rule 32 petition was not properly filed as it challenged two convictions in the same petition (Doc. 6, pp. 8-9).  A review of that State Rule 32 petition demonstrates that Hardy did, in fact, raise claims regarding the conviction challenged in this habeas petition as well as a conviction for murder (*see* Doc. 6, Exhibit A, Part 4, pp. 48-62).[4]  Under Alabama law, "a [State Rule 32] petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding shall be dismissed without prejudice."  Ala.R.Crim.P. 32.1; *see also Carr v. State*, 884 So.2d 932 (Ala.Crim.App. 2004) ("Because the appellant challenged, in a single petition, multiple judgments that had been entered in multiple proceedings, the circuit court should have dismissed the petition without prejudice rather than ruling on the merits of the petition").  The Court finds that Hardy's Rule 32 petition was not properly filed and, therefore, did not toll the statute of limitations.  Petitioner's challenge in this Court comes too late.

As a defense to the statute of limitations bar, Hardy has claimed that he is actually innocent of the distribution of cocaine conviction.  The U.S. Supreme Court, in *Schlup v. Delo*,

---

[4]Not coincidentally, these were the same two convictions that were challenged in the original habeas petition filed in this Court (*see* note two).

5

513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence (Doc. 2, pp. 9, 12; Doc. 11). There is no offer of new evidence. The Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented. The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent J. C. Giles and against Petitioner

Antonio Hardy pursuant to 28 U.S.C. § 2244(d).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the

7

magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 8th day of October, 2008.

                                         s/BERT W. MILLING, JR.
                                         UNITED STATES MAGISTRATE JUDGE